**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 99-6346

KENNETH HATALA,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-95-2, CA-98-86-1)

Submitted: August 24, 1999

Decided: September 21, 1999

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth Hatala, Appellant Pro Se. Paul Thomas Camilletti, OFFICE
OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kenneth Hatala seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999).* We have reviewed the record and the district court opinion and find no reversible error.

Hatala forwarded three claims of ineffective assistance of counsel. Two of his claims concern his attorneys' failure, at sentencing and on direct appeal, to dispute the amount of drugs attributed to Hatala as relevant conduct. We find that Hatala has failed to establish either deficient performance or prejudice resulting from the attorneys' actions with regard to this claim. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984).

Hatala argues that his guilty plea was involuntary because it was based on the alleged promise by his trial attorney that he would receive a shorter sentence than that actually imposed. The record discloses an extensive plea hearing colloquy during which Hatala testified that he understood that, if the court accepted his guilty plea "and the sentence ultimately imposed on [him was] greater than the one [he] expected, [he would] not be allowed to withdraw [his] guilty plea." Hatala also testified that his plea was not "the result of any promises or inducement other than those that [were] contained in the plea agreement." "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1992). Hatala has not produced any evidence to contradict his sworn statements at his plea hearing.

Accordingly, we grant Hatala's motion to refer his application for a certificate of appealability to a panel of three judges, deny a certifi-

_____

*Because we find that Hatala's certificate of appealability, filed in the district court within sixty days of the entry of the district court order denying § 2255 relief, was the functional equivalent of a notice of appeal, we construe it as such. See Fed. R. App. P. 3, 4; Smith v. Barry, 502 U.S. 244, 247-49 (1992).

2

cate of appealability, and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3